IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLET REGION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT W. RUDE and <br> HAROLD F. RUDOLPH, <br><br> Defendants. | Case No. 3:09-cv-0256-RRB <br><br> **ORDER GRANTING MOTION FOR** <br> **PARTIAL SUMMARY JUDGMENT** |

I.  INTRODUCTION

Before the Court is Plaintiff Cook Inlet Region, Inc. ("CIRI") with an unopposed Motion For Partial Summary Judgment at Docket 23. CIRI argues that Defendants Robert W. Rude and Harold F. Rudolph made numerous materially false and misleading statements in campaign materials soliciting signatures for two petitions in violation of both the Alaska Native Claims Settlement Act of 1971 ("ANCSA")[1] and the Alaska Securities Act.[2]

---

[1]    43 U.S.C. § 1601 et seq. (2010).

[2]    Docket 23 at 2.  Alaska Stat. § 45.55.160 (2010).

ORDER GRANTING MOTION FOR PARTIAL
    SUMMARY JUDGMENT - 1
3:09-CV-0256-RRB

Because Defendants created and promulgated materially false and misleading statements, both affirmatively and through omissions, in the four mailings sent to CIRI shareholders and failed to abide by the ANCSA petition requirements, the Court finds that, with the facts presented by CIRI taken and verified by the Court as being undisputed, CIRI is entitled to judgment as a matter of law. CIRI's Motion For Partial Summary Judgment as to Claims I, II, and III, therefore, at **Docket 23** is hereby **GRANTED**.

## II. FACTS

This case involves the falsity and materiality of statements made in support of two shareholder petitions. CIRI is an Alaska Native Regional Corporation formed under ANCSA.[3] Defendants Robert W. Rude ("Rude") and Harold F. Rudolph ("Rudolph") are CIRI shareholders and former members of CIRI's Board of Directors.[4]

An ANCSA corporation's stock cannot be sold or otherwise transferred, with some limited exceptions, under Section 7(h) of the statute.[5] The stock alienability restrictions may be terminated only if the corporation amends its articles of incorporation in

---

[3] Docket 23 at 2; 43 U.S.C. § 1601 et seq.

[4] Docket 23 at 2.

[5] Id. at 2; 43 U.S.C. § 1606(h) (2008).

accordance with Section 37 of ANCSA.[6]  Under Section 36(c) of ANCSA, the shareholders may petition an ANCSA corporation's board of directors to submit to a vote of the shareholders an amendment to terminate alienability restrictions.[7]

In July 2009, Rude and Rudolph initiated a mailing campaign to solicit signatures for two petitions: (1) to require the CIRI Board to submit the issue of lifting stock restrictions to the shareholders pursuant to Section 36 of ANCSA; and (2) to hold a special meeting on six advisory resolutions regarding dividends, elections, financial reporting, voting rights, and compensation of senior managers.[8]  Rude and Rudolph sent CIRI shareholders a series of four mailings advocating for these petitions.[9]  The theme of the mailings was that, according to Rude and Rudolph, CIRI shareholders are losing out on large dividends and higher share values due to excessive spending by CIRI, mismanagement of CIRI's land and money, and other illegal or improper conduct by the board of directors and CIRI's managers.[10]  The four mailings were dated: July 24, 2009

---

[6]   Id. at 2; 43 U.S.C. § 1629(c) (2010).

[7]   Id. at 3; 43 U.S.C. § 1629b(c) (2010).

[8]   Id.

[9]   Id.

[10]  Id.

("First Mailer"), August 31, 2009 ("Second Mailer"), November 6, 2009 ("Third Mailer"), and December 22, 2009 ("Fourth Mailer").[11]

Defendants distributed their First Mailer to shareholders on or about July 24, 2009.[12] The First Mailer asks for shareholders' help and support to achieve various goals, including termination of stock restrictions.[13]

In the Second Mailer, dated August 31, 2009, Rude and Rudolph mention the need for a "petition signed by 25% of the voting shares" before stock alienability restrictions can be lifted.[14] The Second Mailer also refers to calling a special meeting and instructs shareholders to watch for Defendants' next mailing.[15]

Defendants distributed their Third Mailer to shareholders on or about November 6, 2009.[16] In the Third Mailer, Defendants made the purpose of the series of mailings clear.[17] The Third Mailer contains a petition seeking to require the corporation to call a

---

[11] Id.

[12] Id.

[13] Id.

[14] Id. at 4.

[15] Id.

[16] Id. at 5.

[17] Id.

ORDER GRANTING MOTION FOR PARTIAL
    SUMMARY JUDGMENT - 4
3:09-CV-0256-RRB

special meeting to vote on the termination of stock alienability restrictions and a petition for a special meeting to vote on six other resolutions regarding dividends, elections, financial reporting, voting rights, and compensation of senior managers.[18] Both petitions request at least 30 days for proxy solicitation before the special meeting.[19]

On or about December 22, 2009, Defendants distributed their Fourth Mailer to CIRI shareholders.[20] Like its predecessor, the Fourth Mailer contains a petition for a special meeting to vote on the termination of stock alienability restrictions.[21]

In May 2009, the Alaska Superior Court declared that the proxies solicited by Defendant Rude and others for CIRI's 2008 annual shareholder meeting were void because their proxy solicitations contained numerous false and misleading statements.[22] Rude thus lost his bid for re-election to CIRI's Board of Directors.[23]

---

[18] Id.

[19] Id.

[20] Id.

[21] Id. at 5-6.

[22] Id. at 6.

[23] Id.

The issues at bar are: 1) whether statements made by Defendants in the four mailings were false or misleading; 2) if so, whether the statements were material; and 3) whether Defendants followed the petition procedures as outlined by ANCSA.

**III. RULE OF DECISION**

Under Federal Rules of Civil Procedure 56(e)(2), a district court can enter a summary judgment against a party that fails to oppose the issues raised in a motion for summary judgment if it is appropriate to do so.[24] Such an action is deemed appropriate when the motion for summary judgment adequately contends that there are no triable issues of fact.[25] Moreover, Local Civil Rules for the United States District Court for the District of Alaska state that "No unopposed motion for summary judgment will be granted unless the court is satisfied that there are no disputed issues of material fact and that the moving party is entitled to the decision as a matter of law."[26]

//

//

---

[24] Lopez v. Costco Wholesale Corp., 2009 WL 3246847, at *5 (E.D.Cal. Oct. 7, 2009).

[25] Id.

[26] D.AK. LR 7.1(d)(2) (2009).

**IV. DISCUSSION**

**A. Defendants Violated 43 U.S.C. § 1629b(c)(1)(B) and Alaska Stat. § 45.55.160 Because Their Four Mailings Contained Materially False and Misleading Affirmative Statements and Omissions.**

Under 43 U.S.C. § 1629b(c)(1)(B), "[t]he requirements of the laws of the State relating to the solicitation of proxies shall govern solicitation of signatures" for a petition to require the board of directors of an Alaska Native Corporation to submit to a vote of the shareholders an amendment to terminate alienability restrictions. Furthermore, because CIRI is expressly exempted from the Federal Securities Act of 1933 and the Securities Exchange Act of 1934, Alaska security law governs Defendants statements made in soliciting signatures for the petition to hold a special meeting on the six advisory resolutions.[27] Thus, the statements made in conjunction with soliciting signatures for both petitions, found in Defendants' four mailings, are governed by Alaska security law, specifically, Alaska Stat. § 45.55.160, which states that a person, in a proxy solicitation, may not make or cause to be made an untrue statement of material fact or omit a material fact necessary in

---

[27] 43 U.S.C. § 1625(a) (2010). The Court reasons that statements made in support of soliciting shareholder signatures and those made in support of soliciting shareholder proxies are both held to the same standard of veracity and materiality prescribed by Alaska security laws and regulations.

order to make the statements made, in light of the circumstances under which they are made, not misleading.

Under Alaska Stat. § 45.55.160, a two-element test applies to misrepresentation issues in proxy statements.[28] The Court must determine: 1) "whether any statements amounted to misrepresentations"; and 2) "whether those misrepresentations are material when considered 'in the light of the circumstances under which they are made.'"[29]

> Alaska security regulations define a misrepresentation as:
>
> a statement that, at the time and under the circumstances in which it is made (1) is false or misleading with respect to a material fact; (2) omits a material fact necessary in order to make a statement made in the solicitation not false or misleading; or (3) omits a material fact necessary to correct a statement, in an earlier communication regarding the solicitation of a proxy for the same meeting or subject matter, which has become false or misleading.[30]

Specifically, misleading statements include statements that directly or indirectly impugn character, integrity, or personal reputation, or directly or indirectly make charges concerning

---

[28] Skaflestad v. Huna Totem Corp., 76 P.3d 391, 395 (Alaska 2003).

[29] Id.

[30] Meidinger v. Koniag, Inc., 31 P.3d 77, 82-3 (Alaska 2001) (quoting Alaska Admin. Code tit. 3 § 08.315(a) (2010)).

ORDER GRANTING MOTION FOR PARTIAL
    SUMMARY JUDGMENT - 8
3:09-CV-0256-RRB

improper, illegal, or immoral conduct or associations, without factual foundation.[31]

In the four mailings, Defendants presented to CIRI shareholders numerous affirmative statements concerning CIRI that were not based in fact and were misleading. For example, in their mailings, Defendants either stated or implied that: 1) CIRI made death threats against Defendants;[32] 2) CIRI improperly disposed of, failed to account for, and mismanaged CIRI assets, including selling property below market value;[33] 3) CIRI deprived shareholders of 7(i) sharing rights by not complying with its sharing obligations;[34] 4) CIRI engaged in corporate waste, including misusing corporate funds;[35] 5) CIRI sued shareholders frivolously and without cause, specifically, that CIRI board members sued any who opposed or ran against them;[36] 6) CIRI engaged in illegal election practices;[37] 7) as shareholders pass away the shares of the

---

[31] Alaska Admin. Code tit. 3 § 08.315(a)(2).

[32] Docket 23 at 14.

[33] Id. at 16.

[34] Id. at 22.

[35] Id. at 24.

[36] Id.

[37] Id. at 29.

remaining shareholders become diluted;[38] 8) CIRI has a plan to take over Cook Inlet Village Corporations;[39] 9) there would be no adverse consequences that would occur as a result of lifting CIRI stock alienability restrictions;[40] 10) CIRI shareholders were improperly denied participation in issues affecting their stock, including excluding shareholders from corporate matters and denying to shareholders a right to vote on congressional legislation;[41] and 11) CIRI deprived shareholders of equal rights under the constitution.[42] Because all of the facts presented by CIRI are taken by the Court as undisputed, the Court finds that Defendants' statements in the four mailings do in fact constitute misrepresentations.

Defendants' misrepresentations in the four mailings are material because a reasonable investor would consider each misrepresentation important in deciding how to vote.[43] Although the issue of materiality is a question of fact, "materiality may be

---

[38] Id. at 30.

[39] Id. at 32.

[40] Id. at 32.

[41] Id. at 34.

[42] Id. at 36.

[43] 31 P.3d at 83 (citing Brown v. Ward, 593 P.2d 247, 250 (Alaska 1979)).

resolved as a matter of law on summary judgment 'if the established [misrepresentations] are 'so obviously important to an investor, that reasonable minds cannot differ on the question of materiality' . . . .'"[44] Taken as true, any one of Defendants' misrepresentations would be unquestionably important to CIRI shareholders in deciding whether to sign the two petitions and how to vote their shares in the future shareholder meetings. Therefore, not only did Defendants print misrepresentations in their four mailings, but such misrepresentations were material. The Court finds that Defendants made materially false or misleading statements in their four mailings in violation of both 43 U.S.C. § 1629b(c)(1)(B) and Alaska Stat. § 45.55.160.

**B. Defendants Failed to Follow Proper Procedure in Putting Forth the Petition to Lift CIRI Stock Alienability Restrictions by Not Providing a Writing Outlining the Amendment Lifting Such Restrictions.**

Under 43 U.S.C. § 1629b(b)(2)(A), in order to have their petition considered, the proponents of a shareholder petition that proposes an amendment to a Native Corporation's articles of incorporation to remove the restrictions on stock alienability must provide a written notice setting forth the amendment. Defendants' petition to lift CIRI stock alienability restrictions did not

---

[44] 31 P.3d at 83 (quoting <u>TSC Indus., Inc. v. Northway Inc.</u>, 426 U.S. 438, 450 (1976)).

ORDER GRANTING MOTION FOR PARTIAL
 SUMMARY JUDGMENT - 11
3:09-CV-0256-RRB

include such notice.  Defendants, therefore, failed to follow proper procedure in soliciting shareholder signatures for the stock alienability restriction petition.

**V.   CONCLUSION**

For the foregoing reasons, Plaintiff is entitled to judgment as a matter of law.  Accordingly, Plaintiff's unopposed Motion For Partial Summary Judgment as to Counts I, II, and III at **Docket 23** is hereby **GRANTED**.  Specifically, the Court orders that: 1) all CIRI shareholder signatures obtained by Defendants in support of either the petition to lift CIRI stock restrictions or the petition for a special CIRI shareholder meeting to consider the six advisory resolutions are hereby voided; 2) Defendants are hereby ordered to publish and disseminate to CIRI shareholders a corrective statement that corrects all 32 materially false or misleading statements as outlined by CIRI in Docket 23; 3) Defendants are hereby enjoined from issuing, printing, stating, or otherwise promulgating to CIRI shareholders any false or misleading statements in any future proxy or petition solicitations involving CIRI; and 4) Defendants must, for the three (3) years following the issuance of this order, submit all proxy or petition solicitations to the Alaska Division of Banking and Securities, with a copy provided to CIRI, for review

prior to such proxy or petition solicitations being sent to CIRI shareholders.[45]

**IT IS SO ORDERED.**

ENTERED this 13th day of December, 2010.

                                        S/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE

---

[45] AS § 45.55.920(a)(1).

ORDER GRANTING MOTION FOR PARTIAL
    SUMMARY JUDGMENT - 13
3:09-CV-0256-RRB